NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIXI MARBELY ZELAYA-ROMERO;
RUTH IVETH CARRILLO-ZELAYA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    23-3915

Agency Nos.
A215-937-180,
A215-937-181

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025[**]
San Francisco, California

Before:  RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Arixi Marbely Zelaya-Romero and her minor daughter ("Petitioners"), natives

and citizens of Honduras, petition for review of a decision of a Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Appeals ("BIA") decision dismissing their appeal from an immigration judge's ("IJ") denial of Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition.

1.  Petitioners have not properly challenged the BIA's dispositive finding of waiver regarding the asylum and withholding-of-removal claims.  The BIA dismissed Petitioners' appeal because the BIA concluded that Petitioners had waived any challenge to the IJ's determination that Petitioners had failed to show either past persecution or the inability to relocate internally.  Because Petitioners do not challenge the BIA's waiver determination before this court, Petitioners have waived any such challenge.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (finding that issues not addressed in an opening brief are waived).  Petitioners have also failed to exhaust any challenge to the IJ's past persecution and internal relocation findings.  *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *see also Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (a petitioner is deemed "to have exhausted only those issues" that were "raised and argued" before the BIA (quoting *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th

---

[1] Zelaya-Romero's daughter is a derivative beneficiary of Zelaya-Romero's asylum application.

Cir. 2009) (en banc) (per curiam))). These procedural failures are dispositive of Petitioners' claims for asylum and withholding of removal. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (stating that asylum and withholding of removal are unavailable if a petitioner could avoid persecution by relocating internally).

2. Petitioners have waived any challenge to the agency's denial of CAT protection because Petitioners' opening brief does not address the agency's denial of relief under the CAT. *See Martinez-Serrano*, 94 F.3d at 1259–60.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.